IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST PAUL CASSIDY III, F-23445, | ) |
| Petitioner, | ) No. C 13-1988 CRB (PR) |
| vs. | ) ORDER TO SHOW CAUSE |
| GREG LEWIS, Warden, | ) (Docket #2 & 4) |
| Respondent. | ) |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Sonoma County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of first degree murder, home-invasion robbery in concert with others, first degree residential burglary and being a felon in possession of a firearm. The jury also found true the special allegation of firearm use by a principal and that petitioner had suffered a prison-term prior. On December 17, 2010, petitioner was sentenced to five years plus 25 years to life in state prison.

On June 13, 2012, the California Court of Appeal affirmed the judgment of the trial court and, on August 29, 2012, the Supreme Court of California denied review. Petitioner then unsuccessfully sought collateral relief from the state courts until March 27, 2013, when the Supreme Court of California denied his last petition for state habeas relief.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising claims of ineffective assistance of trial and appellate counsel, and improper exclusion of third party culpability evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket #2 & 4) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule

5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  June 26, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Cassidy, E.13-1988.osc.wpd

3